Elmer P. GIBSON, et ux., Plaintiffs,

v.

DOW CHEMICAL COMPANY,
et al., Defendants.

Civ. A. No. 92–30.

United States District Court,
E.D. Kentucky,
London Division.

Oct. 19, 1992.

Robert E. Reeves, Reeves & Graddy, Lexington, KY and Jane N. Saginaw, Baron & Budd, Dallas, TX, for plaintiffs.

Vanessa Berge, Wyatt, Tarrant & Combs, Lexington, KY, Steven A. Arnosky, Dow Chemical, Midland, MI, John Kelley, London, KY, and Donald H. Carlson, Milwaukee, WI, for defendants.

*MEMORANDUM OPINION AND ORDER*

HOOD, District Judge.

This matter is before the court upon the motion of the defendant, Dow Chemical Company (Dow), for summary judgment. Dow has also filed a motion to strike a supplemental filing from the plaintiffs. These motions are fully briefed and ripe for decision.

## BACKGROUND

From 1961 to 1987, the plaintiff, Elmer P. Gibson (Gibson), was employed by the United States Forest Service in the Daniel Boone National Forest. During that time, he was required to spray trees with various chemicals, including chemicals containing dioxin which were allegedly manufactured by Dow. Gibson has now contracted non-Hodgkins lymphoma and other diseases, and he alleges that these illnesses were caused by his exposure to these chemicals.

Gibson now asserts causes of action based upon Dow's alleged negligence in developing these chemicals and failure to warn potential users of their danger. He further states strict liability causes of action under the Kentucky Products Liability Act, Ky.Rev. Stat. 411.300 *et seq.*, and § 402A of the Restatement (2nd) of Torts.

Dow has filed a motion for summary judgment maintaining that Gibson's failure to warn allegations are preempted by the Federal Insecticide, Fungicide, and Rodenticide Act of 1947 (FIFRA). 7 U.S.C. § 136, *et seq.* Gibson disagrees and asserts that he is entitled to bring these claims against Dow. With respect to the preemption issue, the parties agree that there are no facts in dispute and only questions of law are presented.[1]

## SUMMARY JUDGMENT WILL BE GRANTED IN PART AND DENIED IN PART

At the outset, the court notes its agreement with Gibson that preemption is to be

---

1. Given that there are no genuine issues of material fact respecting the issues presented in the motion for summary judgment, the court will not address the standards for summary judgment in detail. It is sufficient to note that the absence of genuine factual issues permits the court to enter summary judgment under Fed.R.Civ.P. 56(c).

narrowly applied and the "historic police powers of the states [are] not to be superseded by ... Federal Act unless that [is] the clear and manifest purpose of Congress." *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947). Like the Supreme Court in *Wisconsin Public Intervenor v. Mortier*, ⸺ U.S. ⸺, 111 S.Ct. 2476, 115 L.Ed.2d 532 (1991), this court notes that FIFRA does not preclude all state regulation of pesticides and their use. The narrow question presented here is whether the FIFRA labeling requirements preempt state common law actions for damages based on the theory of failure to warn. The court answers with a qualified yes.

The parties have cited numerous cases from federal circuit and district courts which land on both sides of this issue. However, most of the cases which have concluded that FIFRA preempts these actions have concluded that the preemption is implied rather than express. *See e.g., Arkansas–Platte & Gulf Partnership v. Van Waters & Rogers,* 959 F.2d 158 (1992). With almost no exception, all courts which have addressed the question of express preemption have concluded that FIFRA does not expressly preempt· state common law actions for damages. *See e.g., Riden v. ICI Americas, Inc.,* 763 F.Supp. 1500 (W.D.Mo.1991); *But see Kennan v. Dow Chemical Co.,* 717 F.Supp. 799 (M.D.Fla. 1989) (FIFRA expressly preempts such actions). None of the judges in these cases had the benefit of the Supreme Court's latest decision on the question of preemption of tort actions. *See Cipollone v. Liggett Group, Inc.,* ⸺ U.S. ⸺, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). It is *Cipollone* which provides the basis for this court's decision.

In *Cipollone,* the Court addressed preemption in the context of the federal cigarette labeling statutes. With respect to the question of express or implied preemption, the Court held that where Congress has included in an act an express preemption provision, that provision is the sole basis for determining state authority and there is no need to divine Congressional intent regarding preemption from other provisions of the act. *Id.,* at ⸺, 112 S.Ct. at 2617–19.

In the present case, FIFRA contains an express provision governing state authority in the area of labeling and packaging. Accordingly, there is no need to look beyond this provision in determining whether state tort actions based on the theory of failure to warn are preempted.

FIFRA specifically provides that "[No] State shall impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter." 7 U.S.C. § 136v(b). On its face, this provision prevents state regulation of labeling. The question is whether this language is broad enough to encompass tort actions. Under the reasoning in *Cipollone,* FIFRA does preempt state tort actions for failure to warn.

The *Cipollone* Court was required to evaluate two separate statutes with different wording. The difference in wording between the two statutes created the difference in the case. The Federal Cigarette Labeling and Advertising Act of 1965 provided, in part,

(a) No statement relating to smoking and health other than the statement required by section 4 of this Act, shall be required on any cigarette package.

(b) No statement relating to smoking and health shall be required in the advertising of any cigarettes the packages of which are labeled in conformity with the provisions of this Act.

*Id.,* at ⸺, 112 S.Ct. at 2616. The Public Health Cigarette Smoking Act of 1969 provided, in part,

(b) No requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarette the packages of which are labeled in conformity with the provisions of this Act.

*Id.*

In evaluating these two provisions, the Court concluded that the 1965 Act did not preempt state law damages actions because its language only implicated state regulatory and rulemaking bodies. The Court reasoned that this prohibition spoke only to the types of warnings which were placed on cigarette packages and in cigarette advertising, and it

limited those warnings to those prescribed in § 4 of the Act.

In contrast, the 1969 Act contained broader language and did not limit its effect to "statements", but rather included "requirement[s] or prohibition[s] ... imposed under State law." This broader language, the Court concluded, encompassed the requirements or prohibitions which may have been placed upon cigarette manufacturers as the result of damages awards under state common law.

Turning to the FIFRA provision, the court must conclude that it does preempt failure to warn causes of action under state law. The language in 7 U.S.C. § 136v(b) more closely resembles that of the 1969 Act in *Cipollone*. Permitting a jury to award damages against Dow for failure to warn would impose a *de facto* labeling requirement on Dow under state law. This is not permitted by the statute. Gibson's failure to warn claims are preempted by FIFRA.

However, Gibson's failure to warn claims are only preempted to the extent they arose after the enactment of 7 U.S.C. § 136v(b) in 1972. In light of *Cipollone*, this court is not persuaded by the decisions in *Arkansas–Platte* and *Kennan* which concluded that all failure to warn claims would be barred by FIFRA even if they arose before 1972. The lower courts in *Cipollone* concluded that the failure to warn claims in that case were not preempted to the extent they arose before the effective date of the 1965 Act. *See Cipollone v. Liggett Group, Inc.*, 893 F.2d 541 (3rd Cir.1990); *Cipollone v. Liggett Group, Inc.*, 649 F.Supp. 664 (D.N.J.1986). This finding was neither addressed nor disturbed by the Supreme Court.

*Kennan* is simply incorrect that permitting a failure to warn claim based on events prior to 1972 would violate FIFRA as it presently exists. Permitting a damage award for failure to warn prior to 1972, would have absolutely no effect on the manner in which FIFRA operates in 1992. Under FIFRA, the Environmental Protection Agency (EPA) approves all pesticide labels. A damage award for pre–1972 failure to warn would not change the present labeling process, nor would it require changes in existing labels.

Existing labels are protected by FIFRA. Further, such an award would not create any greater liability for pesticide manufacturers for post–1972 conduct because the manufacturers are protected from such liability by 7 U.S.C. § 136v(b). Post–1972 failure to warn claims will remain barred despite pre–1972 liability.

The court concludes that Gibson's failure to warn claims are preempted by FIFRA to the extent that they arose after October 21, 1972, the effective date of 7 U.S.C. § 136v(b). To the extent the failure to warn claims arose prior to that date, they are not preempted.

Finally, the court will grant Dow's motion to strike. The court's order of July 13, 1992, stated that no further filings would be permitted by either party regarding the pending motion for summary judgment. Gibson disregarded that order by improperly filing additional authority.

## CONCLUSION

The court having considered the record, and being otherwise sufficiently advised,

Accordingly,

**IT IS HEREBY ORDERED:**

(1) that the motion for summary judgment of the defendant, Dow Chemical Company [Record # 6] be, and is **GRANTED IN PART** and **DENIED IN PART** in conformity with the reasons stated herein; and

(2) that the motion of the defendant, Dow Chemical Company to strike [Record # 36] be, and is **GRANTED**, and the plaintiffs' Second Notice of Filing Supplemental Authorities in Opposition to the Defendant's Motion for Summary Judgment [Record # 35] be, and is **STRICKEN** from the record.

## *SUMMARY JUDGMENT*

In accordance with the memorandum opinion entered contemporaneously with this summary judgment,

**IT IS HEREBY ORDERED:**

(1) that motion of the defendant, Dow Chemical Company, for summary judgment

be, and is **GRANTED IN PART AND DE-NIED IN PART,** and summary judgment is entered on behalf of said defendant on the plaintiffs' claims alleging failure to warn the plaintiffs of alleged dangers in said defendant's products;

(2) that so much of the plaintiff's complaint as states claims alleging failure to warn be, and is **DISMISSED WITH PREJUDICE;** and,

(3) that this summary judgment is not a final and appealable order under Fed. R.Civ.P. 54.